■ In the Matter of the Claim of JOSEPH CHERSI, Respondent, v. LULICH CONSTRUCTION CO. et al., Appellants, and CONDON TERRAZO CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant became disabled from dermatitis in his hands January 18, 1960. At this time he was employed by appellant Lulich Construction Company. He had been employed by this company from April, 1959 to the time of his disablement. Before that he had been employed by respondent Condon Terrazo Co. from April, 1958 to April, 1959. In both employments he handled cement, plaster, water, brick

and blocks of stone. The only medical proof in the case in support of industrial causation of the dermatitis is that both employments caused it, i.e., "the occupation he had in the construction industry" and that "both exposures would be a factor in this case". The history given to the physician was that the claimant began to notice the condition of his hands in 1958. Thus the only substantial evidence before the board was that both employments caused the disability and that it was contracted in the prior employment. On such a record appellants should be entitled to apportionment. (Workmen's Compensation Law, § 44.) On the further point raised by appellants on appeal that the disease was not contracted within 12 months of the disablement of January 18, 1960 (Workmen's Compensation Law, § 40), the question is not available on this appeal since it was not raised in the application for review before the board. (Workmen's Compensation Law, § 23; *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, motion for leave to appeal denied 11 N Y 2d 646; *Matter of Stanich* v. *Oscar Leventhal*, 16 A D 2d 996.) The board did not find a date of contraction of the disease which is essential in this case, both to fix the issue of apportionment and to determine whether the disablement came within the time limit of section 40. The first manifestations of a dermatitis, however, are not necessarily the "contraction" of the disease. This depends on the nature and course of the disease itself. (*Matter of Silverman* v. *Ralph Constr. Co.*, 5 A D 2d 710, motion for leave to appeal denied 4 N Y 2d 676.) It may well be that a careful exploration of the medical problem will disclose either that the disease was contracted after January and before April, 1959, in which event the award should be apportioned; or that it was contracted after April, 1959, in which event the award made here was proper. We do not reach or decide the question whether, if the time of contracture was before January, 1959, the section 40 issue would be available to appellants on a further review. Decision insofar as it denied apportionment reversed and claim remitted on this issue with costs to appellants against the Workmen's Compensation Board and respondent employer-carrier. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.